UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kenneth Lee Huckabee, | ) | C/A No. 8:24-cv-3756-MGL-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bryan P. Stirling, Joel Anderson, Willie Davis, Jana Hollis, Lt. Micquel Cleveland, Dennis Patterson, Matt Watson, Mr. Nelson, Stacy Richardson, Ms. Owens, Joseph Stines, Brandon Byrd, Esther Laborador, Stephanie Skewes, Lt. Martin A. Delk, Lt. Officer Ramp, Lt. Officer Adams, Ms. Peeples, Lt. Keith, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

   Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, seeks relief under 42 U.S.C. § 1983. ECF No. 25. The bases for this action are Plaintiff's allegations that he was housed in SuperMax without due process and repetitive searches were conducted of his cell. ECF No. 25 at 11-15. This matter is before the Court on what Plaintiff styles as a "Motion to Compel." ECF No. 89. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983.

   In his instant Motion, Plaintiff asserts that he was moved from SuperMax on January 17, 2025, and has not had access to a tablet since that time. ECF No. 89 at 1. Plaintiff asks that the Court require Defendants to issue him a tablet and charger so that he can access the law library. *Id.* Plaintiff's Motion is construed as a request for a temporary restraining order or preliminary

1

injunction. Plaintiff seeks a mandatory injunction to direct prison officials on how to manage prison resources.

The substantive standards for granting a request for a temporary restraining order and entering a preliminary injunction are the same. *Cook v. Jinks*, C/A No. 9:23-cv-02919-SAL-MHC, 2023 WL 10479593, at *1 (D.S.C. Nov. 17, 2023). A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (citation and internal quotation marks omitted). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

A plaintiff seeking a preliminary injunction must establish the following four elements: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Id.* at 22. Additionally, the Court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 24.

Plaintiff is not entitled to the injunctive relief he seeks because the wrongs that Plaintiff's requested injunctive relief would protect against fall outside the scope of his Complaint, in which Plaintiff alleges he was housed in SuperMax without due process and repetitive searches were conducted of his cell. A "party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Bessellieu v. Hollis*, C/A No. 8:20-cv-03189-MGL-JDA, 2021 WL 1299565, at *3 n.4

(D.S.C. Feb. 22, 2021) (citation omitted). "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." *Martin v. Stokes*, C/A No. 8:17-3391-MGL-JDA, 2017 WL 6888826, at *2 (D.S.C. Dec. 20, 2017). "Thus, a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id.* Because Plaintiff is seeking relief that does not pertain to the claims asserted in his Complaint, his Motion should be denied.

Additionally, in evaluating a request for prospective mandatory injunctive relief in the prison context, as in the present case, the United States Court of Appeals for the Fourth Circuit has explained as follows:

> It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities. ... Even where there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators. ... Indeed, intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so. ... In sum, sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. This is true where conditions at the prison have been adjudged unconstitutional following trial on the merits. It is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made.

*Taylor v. Freeman*, 34 F.3d 266, 268-69 (4th Cir. 1994). Therefore, even if the requested relief related to and arose from the allegations in the Complaint, the Fourth Circuit has directed that such

injunctions should be issued only in the most extraordinary circumstances. This Motion does not present those extraordinary circumstances.

Further, Plaintiff has the burden to demonstrate each of the elements in *Winter*. Plaintiff has not set forth any evidence in support of or which would otherwise satisfy his burden of proving the elements set forth in *Winter* that would entitle him to the relief he seeks.

Based on the foregoing, the Court recommends that Plaintiff's "Motion to Compel," which seeks injunctive relief on prison management issues, be **DENIED**. ECF No. 89.

**IT IS SO ORDERED.**

| | |
|---|---|
| March 12, 2025 | s/William S. Brown |
| Greenville, South Carolina | United States Magistrate Judge |

***The attention of the parties is directed to the important notice on the following page***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).